# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATASHA HILL, on behalf of<br>Herself and all others situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS ACQUISITIONS, LLC, and<br>AVI SCHILD<br><br>Defendants | § § § § § § § § § § § § § | Case No. 18-01194<br>Adversary No. 16-03235 |

**JOINT MOTION FOR CONDITIONAL CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT AND BRIEF IN SUPPORT THEREOF**

Plaintiff Natasha Hill and Defendants Atlas Acquisitions, LLC ("Atlas") and Avi Schild ("Schild") jointly move the Court to certify Plaintiff conditionally as class representative, certify Plaintiff's attorneys conditionally as class counsel, approve a proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, and approve the proposed class notice, and in support of such motion would respectfully show the following:

### 1. NATURE OF THE CASE

1.01. Plaintiff is an individual consumer in whose Chapter 13 bankruptcy case Defendants filed proofs of claim that were executed by Schild on behalf of Atlas. Plaintiff contends that Defendants' proofs of claim did not comport with the requirements of FED. R. BANKR. P. 3001 and that some of the claims they filed pertained to a portfolio of payday loans that was purchased by Atlas but which

was comprised of debts that did not exist. The First Amended Complaint in the class action alleges that Defendants violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) and that such alleged violations render Defendants liable for statutory damages, costs, and reasonable attorneys' fees and costs. The First Amended Complaint also alleges that Defendants violated FED. R. BANKR. P. 3001, that Defendants committed abuses of process, and that such alleged conduct renders Defendants liable for actual damages, statutory damages, punitive damages, attorneys' fees and costs, and declaratory and injunctive relief.

1.02. Defendants deny Plaintiff's allegations and assert that they have no liability under state or federal law to Plaintiff or the class she seeks to represent.

## 2. MOTION

2.01. Plaintiff moves the Court to certify a Bankruptcy Rule 7023(b)(2) and Rule 7023(b)(3) class, and to approve the settlement reflected in the Settlement Agreement filed herewith. Class members will be given notice of this action, of the proposed settlement, and of the opportunity to object or opt out.[1] Congress has set limits on the class liability in FDCPA cases, and the settlement provides for payment of the maximum statutory penalty provided for under the FDCPA.

2.02. A true copy of the Settlement Agreement and the exhibits thereto accompanies this motion as ***Appendix 1***.

---

[1] Under the terms of the settlement class members will not be required to submit claim forms. Distribution will be automatic.

**BRIEF**

**Elements for Certification**

2.03. FED. R. CIV. P. 23[2] governs the certification of class actions. One or more members of a class may sue or be sued as representative parties on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. In support of their contention that proper and sufficient grounds for class certification exist under Rule 23, the parties would show the following:

**Numerosity**

2.04. Based upon information received from Defendants, the persons potentially in the Classes are so numerous that joinder of all members is impracticable. The FDCPA Class and the Injunction Class each have thousands of members. Plaintiff asserts that this satisfies the numerosity requirement.

**Commonality**

2.05. Rule 23's commonality requirement demands that the putative class members' claims "must depend upon a common contention" that "must be of such a nature that it is capable of class-wide resolution. *Yates v. Collier*, 868 F.3d 354 (5th Cir. 2017), *citing Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349,

---

[2] Fed. R. Bankr. P. 7023 provides that "Rule 23 F.R.Civ.P. applies in adversary proceedings.

3

350 (2011). Plaintiff contends that there are common questions of law or fact affecting the class, and that these questions include but are not limited to:

    a.    whether Defendants violated FED. R. BANKR. P. 3001;

    b.    whether Defendants' conduct violated the FDCPA;

    c.    whether Plaintiff and the other class members are entitled to recover statutory damages and, if so, in what amount;

    d.    whether Plaintiff and the other class members are entitled to recover actual damages and, if so, in what amount;

    e.    whether Plaintiff and the other class members are entitled to recover equitable relief and, if so, what kind;

    f.    how Defendants' net worth should be calculated for the purpose of assessing the limit on class damages; and

    g.    whether Plaintiff and the other class members are entitled to recover attorney's fees and, if so, in what amount.

**Typicality**

2.06. In order to meet the typicality requirement, "the claims or defenses of the parties [must be] typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3); *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001). "Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Id. quoting* 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL

4

PRACTICE ¶ 23.24[4] (3d ed. 2000). A class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). Plaintiff contends that her claims are typical of the claims of the rest of the class. Plaintiff alleges that Defendants filed in her Chapter 13 bankruptcy case proofs of claim suffering from the types of defects of which she complains on behalf of the class.

**Adequacy of Representations**

2.07. Adequacy of representation consists of two prongs: the adequacy of counsel to handle a class action and the adequacy of the named Plaintiff to protect the differing interests of the absent class members. *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). Analysis of the adequacy of the class representative focuses on whether there are intraclass conflicts between the class representatives and those they seek to represent. *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 314 (5th Cir. 2007); A class representative must "possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).

2.08. Plaintiff asserts that she will fairly and adequately represent the interests of the class. Through her attorneys of record, Plaintiff has been willing to pay the costs of notice and litigation. Plaintiff believes that she has no interests adverse to other members of the Class.

2.09. Plaintiff has hired the undersigned attorneys to represent her in this matter. Plaintiff's attorneys have substantial experience in the handling of both bankruptcy consumer protection litigation and class actions and have previously been certified as class counsel in other cases.

**Other Considerations**

2.10. Pursuant to Federal Bankruptcy Rule of Procedure 7023 an action may be maintained as a class action if the four elements described above are satisfied and certain other conditions exist. These other conditions are:

    a.    the prosecution of separate actions by or against individual members of the class would create a risk of:

        1.    inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

        2.    adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

    b.    the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

      d.      the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. See Fed. R. Bankr. P. 7023(b).

2.11. Plaintiff seeks to certify both an injunction class and a damages class. She alleges that the causes of action forming the basis of the class claims in this case are such that the prosecution of separate actions by individual members of the class would create the risk of establishing incompatible standards of conduct for Defendants.

2.12. Additionally, Plaintiff alleges that the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy in this case because a class action resolution of the issues described above outweighs the difficulties in management of the class as separate claimants and allows access to the courts for those who might not gain such access standing alone.

2.13. Solely for the purposes of this motion and to effectuate the proposed settlement, Defendants do not dispute that a class should be certified for settlement purposes only. Defendants acknowledge the doctrine that "federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

## 3. JOINT MOTION

3.01. Defendants join in the request for certification *solely* for settlement purposes. In the event that the proposed settlement is not approved or as may otherwise be provided in the Settlement Agreement, Plaintiff stipulates that the certification order will be set aside and neither this motion nor the settlement agreement will in any way prejudice Defendants' right to contest certification on any legal, factual, or equitable grounds.

3.02. In light of, and subject to the approval of the settlement agreement, Plaintiff and Defendants jointly move that the Court certify Plaintiff as class representative and Plaintiff's attorneys as class counsel.

3.03. Movants hereby stipulate that any failure of the Court to approve the settlement shall not operate as a waiver of the claims or defenses of any of the parties on the merits or the issue of certification at any such contested hearing.

3.04. Movants hereby stipulate that certification of the class is conditioned upon:

   a. the accuracy of the representations and warranties contained in the Settlement Agreement;

   b. the performance by the Movants of their respective obligations under the Settlement Agreement in all material respects;

   c. the entry of a final order releasing on behalf of Plaintiff and the Class, all of the Released Claims as defined in the Settlement Agreement; and

    d. the receipt by the Movants of all documents reasonably required to implement the Settlement Agreement

3.05. In the event that any one of the foregoing conditions is not met as required by the Settlement Agreement, Movants agree that upon motion to the Court, the Court will then decertify the class and take up the issue of certification as a contested matter.

## 4. NATURE OF SETTLEMENT

4.01. The settlement provides both monetary and injunctive relief to the class as specified in the Settlement Agreement. The settlement was reached after a hotly contested mediation which was conducted by mediator Simeon Baum for almost twenty hours. As is shown in the Settlement Agreement the settlement provides substantial benefit to the class, including the maximum amount of statutory damages permitted by 15 U.S.C. § 1692k. In order to facilitate relief to the class Plaintiff's attorneys have agreed to a payout of their fees, thereby placing the interests of the class ahead of their own.

4.02. Counsel for Plaintiff and Defendants represent to the Court that the proposed settlement was reached through arms-length negotiations between the parties and that Class Counsel are able and experienced attorneys who are well-qualified to evaluate the proposed Settlement Agreement on behalf of the Class Members. Plaintiff asserts, and Defendants do not dispute for settlement purposes only, that the Class meets the requirements for class certification under FED. R. CIV. P. 23.

4.03. A copy of the proposed Class Notice, which is to be mailed to each Class Member at the last known address as reflected in Defendant's records, is attached as **Exhibit C** to the Settlement Agreement. That notice is sufficient to inform Class Members regarding: (a) the formation of the Class; (b) the Class definition; (c) the terms of the proposed settlement; (d) the proposed award of attorney's fees and expenses to Class Counsel; (e) Class Members' right to object to or opt out of the proposed Settlement; (f) the time and date of the Final Fairness Hearing; and (g) Class Members' right to appear at the Final Fairness Hearing in favor of or in opposition to the proposed Settlement. The Class Notice is written in plain English in a manner reasonably calculated to allow class members to evaluate and decide whether to participate in the settlement. The Notice provides Class Members with sufficient information to make an informed decision to object to any aspect of the proposed Settlement.

4.04. At the final Fairness Hearing, Movants anticipate presenting a final order giving effect to the Settlement and dismissing without prejudice all claims of any putative class members who have been excluded from the class.

4.05. Upon confirmation of the settlement at the Final Fairness Hearing the final order will release Defendants of all liability to the Class for the Released Claims, save and except for the obligation to pay the fees of Class Counsel, and will enjoin Class Members from pursuing or filing suit upon the Released Claims, except as set forth in the final order.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court:

1. preliminarily certify the Class for settlement purposes as set forth in the proposed Settlement Agreement;

2. order preliminarily that Plaintiff may act as representative of the Class and that Plaintiff's attorneys may act as counsel for the Class;

3. authorize the form and mailing of the Notice;

4. set a final hearing to determine whether the Settlement is fair, adequate, and reasonable; and

5. at such hearing approve the Settlement and grant final judgment.

Movants further pray for all such other and further relief, both at law and in equity, as to which they may be justly entitled.

Respectfully submitted,

/s/ Karen L. Kellett
Karen L. Kellett
Texas Bar No. 11199520
Southern District Bar No. 26490
Theodore O. Bartholow, III ("Thad")
Texas Bar No. 24062602
Southern District Bar No. 1571898
Caitlyn N. Wells
Texas Bar No. 24070635
Southern District Bar No. 2043070
Southern District Bar No. 2191929
11300 N. Central Expy., Ste. 301
Dallas, Texas 75243
Tel. (214) 696-9000
Fax (214) 696-9001
kkellett@kblawtx.com

Law Office of J. Thomas Black, PC
J. Thomas Black
Texas Bar No. 02373400
Alex Higginbotham
Texas Bar No. 24059946

/s/ Manuel H. Newburger
Manuel H. Newburger
Texas Bar No. 14946500
S.D. Texas Bar No. 23234
Stephen W. Sather
Texas Bar No. 17657520
S.D. Texas Bar No.
Barbara M. Barron
Texas Bar No. 01817300
S.D. Texas Bar No.
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Telephone: (512) 649-4022
Facsimile: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANTS

2600 S. Gessner Rd., Ste 110
Houston, Texas 77063
Tel: (713) 772-8037
Fax: (713) 772-5058
tom@jthomasblack.com

ATTORNEYS FOR
KATRINA LONG JONES

E. Orum Young Law Offices
E. Orum Young III
Louisiana Bar No. 36099
Joseph R. Moore
Louisiana Bar No. 33996
200 Washington Street
Monroe, LA   71201
Tel: (318) 322-6232
Fax: (318-3881294
law@eorumyoung.com [

ATTORNEYS FOR PLAINTIFF

12

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Motion has been served on Defendants' attorney below through the Court's ECF system, on this 20th day of February, 2019:

/s/ Karen L. Kellett
     Karen L. Kellett

SERVICE LIST:

Manuel H. Newburger
Barbara M. Barron
Stephen W. Sather
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Telephone: (512) 649-4022
Facsimile: (512) 279-0310
ATTORNEY FOR DEFENDANTS